O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):** ORDER GRANTING in Part and DENYING in Part DEFENDANTS' MOTIONS TO DISMISS Plaintiff's First Amended Complaint. (Dkt. Nos. 6, 8.)

## I. INTRODUCTION

Currently before this Court are Defendants CitiMortgage, Inc.; CR Title Services, Inc.; and PennyMac Loan Services, L.L.C.'s (collectively "Defendants"), Motions to Dismiss Plaintiff Michelle Schafer's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff has since filed an Opposition to both Motions to Dismiss.[1] Having carefully considered all the papers filed both in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendants' Motions to Dismiss are **GRANTED in Part** and **DENIED in Part**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Michelle Schafer ("Plaintiff"), is the owner of 19 South Grand Avenue, Pasadena, California ("Property"). (FAC ¶ 15.) On or about March 4, 2008, Plaintiff obtained a loan from CitiMortgage, Inc. ("Citi") in conjunction with her purchase of the Property, and in a Deed of Trust ("DOT"), executed a thirty-year promissory note for $877,500 ("Note"). (FAC ¶ 65; Pl. Comp. Exh. C; *see also* PennyMac Loan Services, L.L.C.'s ("PennyMac") RJN Exh. 2.) The DOT identifies Plaintiff as the borrower, Citi as the lender, Mortgage Electronic Registration Systems ("MERS") as a nominee for the lender and as the

---

[1] Plaintiff's Oppositions to Defendants' Motions to Dismiss do not comply with the Court's Standing Order 5(c): "[r]eplies shall not exceed 25 pages." (Dkt. No. 12.) Plaintiff's Oppositions are each 26 pages. (Dkt. Nos. 13, 15.) However, in this instance the Court will take notice of them.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

beneficiary, and Verdugo Trustee Services Corporation ("VTSC") as the trustee. (*Id.*) Plaintiff signed the DOT, accepting and agreeing to its terms and covenants. (*Id.*)

At some point, Plaintiff defaulted on the mortgage payments, and as of September 25, 2010, Plaintiff was $19,904.38 in arrears. (FAC ¶ 68; *see* Pl. Comp. Exh. D; *see also* PennyMac's RJN Exh. 3.) On September 28, 2010, in an Assignment of Deed of Trust ("ADOT") drafted by CR Title Services, Inc. ("CR"), MERS assigned to Citi "all beneficial interest under the [DOT] dated 03-04-2008 executed by Michelle Dowling Schafer . . . ." (FAC ¶ 70; Pl. Comp. Exh. E). That same day, CR drafted a Substitution of Trustee ("SOT") document, by which VTSC substituted CR as the trustee under the DOT. (FAC ¶ 71; Def. Citi's RJN Exh. 2.) Both of these documents were signed by Richard Martinez ("Martinez") and allegedly recorded on September 30, 2010;[2] Martinez appears to have signed the ADOT as the "Assistant Secretary" of MERS, and signed the SOT as the "Assistant Vice President" of Citi. (FAC ¶¶ 70, 71; Pl. Comp. Exh. E.) Additionally, a Notice of Default ("NOD") was drafted by CR, which stated the amount Plaintiff was in arrears, identified MERS as the original beneficiary, and identified CR as the duly appointed substituted trustee. (FAC ¶ 68; Pl. Comp. Exh. D.) Plaintiff was told in the NOD that she could contact Citi to find out the amount that she needed to pay–already identified in the NOD as $19,904.38–to arrange for payment to stop the foreclosure, or to notify Citi if the Property was in foreclosure for any other reason. (*Id.*) The NOD was sent from CR to Plaintiff after allegedly being recorded on September 30, 2010. (FAC ¶ 68.)

On December 27, 2010, Plaintiff filed a complaint against Citi, CR, and MERS. (Dkt. No. 1 Exh. 2.) On March 25, 2011, Plaintiff filed an amended complaint that joined PennyMac Loan Corporation and PennyMac Loan Services, L.L.C.[3] (collectively "PennyMac"), based on Plaintiff's MERS search, which revealed PennyMac to be the current servicer and investor of the loan. (FAC Exh. D.) PennyMac claims it sent a letter to Plaintiff on or about January 5, 2011, stating that as of January 14, 2011, it would be the

---

[2] The Court has been provide no evidence of when the ADOT and SOT were recorded, however, the September 30, 2010 date is uncontested by all the parties.

[3] PennyMac Loan Services, L.L.C., alleges that Plaintiff erroneously sued PennyMac Loan Corporation, however, both Plaintiff's MERS search and the letter that PennyMac allegedly sent to Plaintiff indicate that the new creditor/investor that the loan was transferred to was PannyMac Corp. (FAC Exh. D; Def. PennyMac's RJN Exh. 5.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

new servicer and creditor of the loan, but Plaintiff alleges she never received the letter. (Def. PennyMac's RJN Exh. 5; Pl. Objection to Def. PennyMac's RJN 1-2.) Plaintiff alleges that the ADOT is a fabricated document, and, therefore, the NOD is void and Defendants do not have any enforceable rights under California Commercial Code section 3301(a) or California Civil Code section 2924.[5] (FAC ¶¶ 80-87, 106-16, 122-53.) Alternatively, Plaintiff claims that the NOD is false because it did not contain the correct amount allegedly owed on the loan because the true amount is unknown or because it includes illegal fees. (FAC ¶ 143, 145.) Plaintiff also alleges that because the fabricated documents create a break in the chain of title, Citi, MERS, and CR have no interest in the Note or DOT as beneficiaries or trustees. (FAC ¶¶ 132-33, 139.) Allegedly, because of the break in the chain of title, Citi also has no interest in the Note or DOT to transfer to PennyMac. (FAC ¶¶ 81, 88-91, 139, 155.) Plaintiff also amended her causes of action to include 1) Declaratory relief, 2) Negligence, 3) Negligent Infliction of Emotion Distress ("NIED"), 4) a violation of 15 U.S.C. § 1641(g), and 5) a violation of the California Business and Professions Code § 17200. (FAC ¶¶ 180-85, 186-201, 202-11, 212-27, 228-41.)

## III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed if the plaintiff fails to state a claim upon which relief can be granted. To overcome dismissal, the plaintiff must prove that the complaint complies with Rule 8(a)(2) of the Federal Rules of Civil Procedure by including a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, "[the] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . [Thus] it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (citations omitted) (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). Mere "labels and conclusion" or a "formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 129 S. Ct. at 1949.

---

[5] Although Plaintiff's original complaint alleged that the SOT was a false document, the FAC only states that the SOT was created by CR, signed by Mr. Martinez, and recorded on September 30, 2010. (FAC ¶ 71.) Nowhere else in the FAC is the SOT mentioned.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

"[The Court is] not, however, required to accept as true allegations that contradict exhibits attached to the complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir.2008)).

Additionally, when considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleading and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). However, the court may consider under the "incorporation by reference doctrine" any "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (emphasis added) (quoting *In re Silicon Graphics Inc. Sec. Litigation*, 183 F.3d 970, 986 (9th Cir. 1999)). Therefore, the Court will only take notice of those documents referred to in the FAC, which Plaintiff has not contested authenticity and upon which the Court relies upon in its discussion.

## IV.   DISCUSSION

The Court will discuss Plaintiff's five claims in the following order. First, the Court will analyze Plaintiff's claim for declaratory relief, which is predicated upon Plaintiff's belief that she does not owe any money to any of the Defendants because none of the Defendants have an interest in the Note or DOT. Second, the Plaintiff's claim for Negligence, which is predicated on Defendants acting irresponsibly when foreclosing on the Property. Third, the Court will address Plaintiff's claim for NEID, which is predicated on Defendants negligent action causing Plaintiff emotional harm. Fourth, is Plaintiff's claim that Citi and PennyMac violated 15 U.S.C. § 1641(g), by not correctly notifying Plaintiff that ownership of the Note and DOT had been transferred to Citi, or that they were being sold to PennyMac. Finally, the Court will address Plaintiff's claim that Defendants violated California Business Code section 17200 by engaging in fraudulent and deceptive business practices when creating allegedly false documents and then allegedly wrongfully foreclosing on the Property.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

### A. Declaratory Relief

Plaintiff's claim for declaratory relief seeks a judicial determination that, at the time the NOD was created, none of the Defendants possessed any interest in the Note, DOT, mortgage, or Property that would allow them to foreclose. (FAC ¶ 185). Defendants argue that Plaintiff has fabricated a false and generalized allegation that is contradicted by judicially noticed documents, and that Plaintiff cannot challenge MERS role in the loan. (Def. Citi & CR's Mem. of P. & A. 11-12; Def. PennyMac Mem. of P. & A. 5-10.)

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the Untied States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Jurisdiction to award declaratory relief exists only in a case of actual controversy." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Consequently, the Ninth Circuit instructs district courts to first determine whether there is an actual controversy within its jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). If the court finds that an actual controversy exists, it must next decide whether to exercise its jurisdiction by analyzing the factors enumerated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). The *Brillhart* factors require the Court to 1) avoid needless determination of state law issues; 2) discourage litigants from filing declaratory actions as a means of forum shopping; and 3) avoid duplicative litigation. *Brillhart*, 316 U.S. at 495.

Here, Plaintiff has properly alleged that an actual controversy has arisen as to whether Defendants have an interest in the Note and DOT, and whether the NOD was sufficient to foreclose on the Property. Plaintiff argues that because the ADOT and SOT were both signed by Martinez, the ADOT is fraudulent and no interest was transferred from MERS to Citi; therefore, Citi was not correctly listed as the beneficiary on the NOD and Defendants could not foreclose on the Property. (FAC ¶¶ 106-08, 116, 139, 183.) Additionally, accepting this allegation as true, Citi would not have an interest to assign or delegate to PennyMac, thus there is an actual controversy as to whether PennyMac has an interest in the Note or DOT.

Analyzing Plaintiff's claim for Declaratory Relief against the *Brillhart* factors, Plaintiff's claim will not reequire a needless determination of a state law claim, does not appear to be means of forum shopping, nor is it duplicative litigation. Therefore, accepting the facts as true, an actual controversy is alleged and the claim does not violate the *Brillhart*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

factors. Thus, Defendants' Motions to Dismiss Plaintiff's Declaratory Relief claim are **DENIED.**

### B. Negligence

In order to establish a claim for negligence, a plaintiff must establish four required elements: (1) duty, (2) breach, (3) causation, and (4) damages. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). Defendants argue that no duty of care was owed to Plaintiff for an arms length home mortgage transaction. (Def. Citi & CR's Mem. of P. & A. 12-13; Def. PennyMac Mem. of P. & A. 16-17.)

Here, Plaintiff failed to allege under her Negligence cause of action—or in any proceeding paragraph in the FAC—that Defendants owed her a duty to exercise due care; instead Plaintiff continues to expound upon the fact that Defendants could not send her a NOD, but did so anyway.[6] (FAC ¶¶ 186-201.)

Additionally, barring an assumption of duty or a special relationship, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Vann v. Aurora Loan Services L.L.C.*, No. 10–CV–04736–LHK, 2011 WL 2181861, at *3 (N.D. Cal. June 3, 2011) (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991)). Although California law imposes a fiduciary duty on a mortgage broker, no such duty is imposed on a lender or its agent. *UMET Trust v. Santa Monica Med. Inv. Co.*, 140 Cal.App.3d 864, 872-73, 189 Cal.Rptr. 922 (1983). Here, Plaintiff does not allege that Defendants assumed any duty or entered into a special relationship with her besides what one would expect from an arms length home mortgage loan transaction.

Because Plaintiff has failed to establish a duty owed her by Defendants, she has failed to properly plead a claim for negligence. Because no financial duty is imposed upon a lender or its agents in California, Plaintiff cannot cure this error. Thus, Plaintiff's claim for Negligence is **DISMISSED WITH PREJUDICE.**

---

[6] The Court also notes that Plaintiff did not incorporate any other preceeding paragraphs into her Negligence cause of action.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

### C. Negligent Infliction Of Emotional Distress

"Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." *Ess v. Eskaton Properties, Inc.*, 97 Cal.App.4th 120, 126, 118 Cal.Rptr.2d 240 (2002). While Plaintiff does allege that Defendants all had statutory duties to exercise reasonable care and skill to follow California law, all the Defendants are financial institutions or agents thereof, and, therefore they owe no duty to the Plaintiff as discussed above. (FAC ¶ 207;) *see Nymark*, 231 Cal.App.3d at 1096; *UMET Trust*, 140 Cal.App.3d at 872-73. Thus, because Plaintiff cannot establish that Defendants owed her a duty of care as lenders or agents of lenders in California, she cannot establish a claim for NIED, and, therefore, her NIED claim is **DISMISSED WITH PREJUDICE**.

### D. Violation Of 15 U.S.C. § 1641(g)

A plaintiff may successfully allege a claim against a defendant for a violation of 15 U.S.C. § 1641(g), if the plaintiff can show that the defendant did not strictly comply with the statute, which provides:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including, (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

In this case, Plaintiff alleged that Citi failed to provide notice of when the Note and DOT were allegedly assigned from MERS to Citi on September 28, 2010. (FAC ¶ 216.) Citi argues that this allegation is unsupported by any facts, is contradicted by exhibits attached to Plaintiff's original complaint, and that Plaintiff admits that Citi was the original lender on the loan. (Def. Citi & CR's Mem. of P. & A. 15-16.) However, once Citi assigned the interest it had in the DOT and Note, it became a third party to Plaintiff's DOT and Note. *C.f. Padilla v. One West Bank,* No. 10-04080 CW, 2010 WL 5300900, at *5 (N.D. Cal. Dec. 20, 2010) Thus, when MERS assigned or transferred any beneficial interest it had in the DOT

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

and Note to Citi, Citi became the new creditor and would need to provide Plaintiff with its identity, date of the transfer, address and phone number, an agent Plaintiff could contact, and where the DOT and Note were recorded. 15 U.S.C. § 1641(g). The NOD only stated that Plaintiff could contact Citi if she had any questions. (Pl. Comp. Exh. D.) Therefore, Citi, as a new creditor or assignee of the DOT and Note, did not comply with § 1641(g).

Plaintiff also claimed that Citi transferred the Note and DOT to PennyMac—the new creditor and servicer of the loan. Therefore, in order for PennyMac to comply with § 1641, it would need to send a letter to Plaintiff with the date of the transfer, and the location where the transfer of the Note and DOT is recorded. (*See* Pl. Comp. Exh. C; FAC Exh. D.) Plaintiff alleges that she never received any notification from either Citi or PennyMac about the January 2011 transfer of the mortgage. (FAC ¶¶ 218-24.) Accepting Plaintiff's allegations as true and not taking notice of any documents in controversy, the Court concludes Plaintiff has stated a valid claim against PennyMac for a violation of § 1641(g) by not sending her notice of the January 2011 transfer. Thus, Defendants' Motions to Dismiss the § 1641(g) claim are **DENIED.**

### E. Violation of the California Business and Professions Code § 17200

The California *Business and Professions Code* section 17200, or Unfair Competition Law ("UCL"), indicates that a claim may be brought against a defendant for any "unlawful, unfair, or fraudulent [or deceptive] business act or practice . . . ." Additionally, a plaintiff must allege that (1) she has lost money or property sufficient to constitute an injury in fact under Article III of the Constitution, and (2) there is a causal connection between the defendant's alleged UCL violation and the plaintiff's injury in fact. *See Rubio v. Capital One Bank,* 613 F.3d 1195, 1203–04 (9th Cir. 2010).

"An act is 'unlawful' under section 17200 if it violates an underlying state or federal statute or common law . . . . An act is 'unfair' if the act threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law . . . . A practice is 'fraudulent' if members of the public are likely to be deceived . . . ." *Quintero Family Trust v. OneWest Bank*, F.S.B., 09-CV-1561-IEG (WVG), 2010 WL 392312, at *12 (S.D. Cal. Jan. 27, 2010). Allegations of fraudulent conduct under section 17200 must satisfy the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-05 (9th

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

Cir.2003). Rule 9(b) demands that averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106.

Plaintiff alleges that Defendants have violated the California *Civil Code* sections 2924, 2924f(c)(2), and 2932.5 by engaging in deceptive or fraudulent practices *vis-a-vie* instituting improper or premature foreclosure proceedings to generate unwarranted fees, executing and recording false and misleading documents, demanding and accepting payments for debts that are nonexistent, acting as beneficiaries and trustees without the legal standing to do so, and misrepresenting the foreclosure status of their properties to borrowers. (FAC ¶¶ 231, 234.) Because Plaintiff only alleges deceptive or fraudulent conduct committed by Defendants, the Court will only look at the allegedly fraudulent actions of the Defendants to see if they violate section 17200.

Through incorporation, Plaintiff alleged that the ADOT was fraudulently created on September 28, 2010, by Citi, MERS, and CR as evidenced by Martinez's signature appearing on both the ADOT and SOT as a representative of two separate companies. (FAC ¶¶ 70, 71; Pl. Comp. Exh. E.) Plaintiff argues that by creating these false documents, Defendants have engaged in deceptive conduct and have placed a cloud upon the title of her home. (FAC ¶¶ 233, 236, 239.) Additionally, Plaintiff argues that she has made payments to Defendants based on improper, inaccurate, and fraudulent representations and has overpaid Defendants on interest. (FAC ¶¶ 168-70.) However, as PennyMac avers, Plaintiff had already stopped making payments on the DOT and Note prior to the alleged fraudulent creation of the ADOT, and has not lost any other money or property because of the alleged fraudulent documents. (Def. PennyMac Mem. of P. & A. 16.) Because Plaintiff cannot show a causal connection between Defendants' UCL violation and any damages she has suffered, she has failed to state a claim for a violation of section 17200 and Defendants' Motions to Dismiss for this cause of action are **GRANTED WITHOUT PREJUDICE**.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED in PART** and **DENIED in Part**. Plaintiff's first claim for declaratory relief survives Defendants' Motions to Dismiss, as does Plaintiff's fourth cause of action. Conversely, Plaintiff's second claim for negligence and third claim for negligent infliction of emotional distress are **DISMISSED WITH PREJUDICE** because Plaintiff will not be able to cure them. Finally, Plaintiff's fifth claim is **GRANTED WITHOUT PREJUDICE**.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 11-03919 ODW (FFMx) | Date | June 15, 2011 |
|---|---|---|---|
| Title | *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.* | | |

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |